New Jersey Department of Labor,
Workmen's Compensation Bureau.

ARCHIE BROWER, PETITIONER, v. FRANKLIN TOWNSHIP
AND FRANKLIN TOWNSHIP FIRE DEPARTMENT NO. 1,
RESPONDENT.

Decided June 10, 1937.

For the petitioner, *Theodore Strong & Sons.*

For the respondent, *Clarkson A. Cranmer.*

A petition having been filed pursuant to an "Act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing a schedule of compensation and regulating the procedure for the determination of liability and compensation thereunder," "approved April 4th, 1911, together with the several supplements and amendments and pursuant to the provisions of chapter 149, and the several amendments thereof; and an order having been made fixing the date and place for hearing thereof, the matter came on to be heard before me at the compensation bureau hearing room at the court house, New Brunswick, New Jersey, in the presence of counsel for the petitioner and the respondent.

In the case *sub judice,* under date of April 1st, 1937, I held that petitioner came within the purview of the Workmen's Compensation act and had met with an accident arising out of and in the course of his employment.

Defendant under date of April 21st, 1937, interposed their defense which consisted of testimony from township clerk and chairman of township committee. This testimony was

merely to bring out the fact that there was no contract between the township of Franklin and Franklin Township Fire Department No. 1, but further testimony disclosed that the township had previously contributed annually a sum to the aforesaid company and an amount has been budgeted this year.

In the brief of the respondent's attorney he states "the existence of such a company is not subject to municipal recognition or limitation." Such companies can, therefore. in any municipality spring into being at will.

Section 174, 2 *Comp. Stat.* 1910, *p.* 2370, provides for the incorporation of volunteer fire companies as does chapter 73, *Pamph. L.* 1929 (*Supp. Comp. Stat.* 1925-1930, *p.* 54, § 13-1a(1)), but before such incorporation takes place certain proceedings must be followed. Section 297, 2 *Comp. Stat.* 1910, *p.* 2427, under captioned "formation of fire companies—application—form and contents—approval and granting of application by township committee—purchase of apparatus and building" provides as follows:

Written application shall be presented to township committee in form of a petition duly verified.

Township committee shall consider and if for best interest of township approve application by resolution.

If this procedure was not followed the company would be in the nature of a *de facto* corporation recognized by the township in view of their allowing them to operate and by an annual contribution.

The legislature provided by an amendment to the act that volunteer firemen come within its provisions. Chapter 355, laws of 1931. *N. J. Stat. Annual* 1931, § **236-37.

The petitioner coming within this provision is entitled to compensation.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

It is, therefore, on this 10th day of June, 1937, adjudged, determined and ordered that judgment be entered in favor of the petitioner and against the respondent as above outlined.

JOHN C. WEGNER.
*Referee.*